UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

VIKIANA REYES,

                            Plaintiff,

                        -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                            Defendant.

------------------------------------------------------------------X

Docket No.: 23-cv-6520

## NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), by and through its undersigned counsel, Rivkin Radler LLP, hereby gives notice of the removal of the above-captioned matter from the Supreme Court of the State of New York, County of Kings, where the action is now pending, to the United States District Court for the Eastern District of New York, and respectfully states as follows:

1. Plaintiff Vikiana Reyes ("Plaintiff") commenced this action (the "Action") against State Farm on July 20, 2023 in the Supreme Court of the State of New York, County of Kings, under Index No. 520941/2023, with the filing of a Summons and Complaint. Plaintiff served State Farm with the Summons and Complaint on August 4, 2023. Annexed hereto as Exhibit "A" is a copy of all process, pleadings, and/or Orders that have been filed in the Action and/or served upon State Farm, as required by 28 U.S.C. § 1446(a).

2. This Notice of Removal is being filed within thirty (30) days of the receipt of the Summons and Complaint by State Farm and therefore is timely filed pursuant to 28 U.S.C. §§ 1441, 1446(b).

3.  Removal of this Action is proper because this is a civil action in which Plaintiff seeks monetary relief in excess of $75,000.00 against State Farm and there is complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiff and State Farm.

4.  Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this Action is pending in Kings County, which is within the Eastern District of New York.

## I.

## Nature of the Case

5.  The Action is of a civil nature in which Plaintiff seeks monetary relief against State Farm in connection with State Farm's handling of an insurance claim submitted by Plaintiff under an insurance policy bearing policy number 56-B2-H571-4 (the "Policy"). Plaintiff alleges the Policy covered Plaintiff's home located at 603 Vermont Street, Brooklyn, NY 11207-5801 (the "Property") See Exhibit "A" at ¶¶ 1, 5.

6.  Specifically, Plaintiff alleges State Farm breached the Policy by failing to properly indemnify Plaintiff for a loss caused by a lightning strike and fallen tree limb, resulting in damage to the home's electrical system that allegedly occurred on or about August 27, 2021. See Exhibit "A" at ¶¶ 6-9.

7.  Plaintiff alleges she sustained damages in the sum of at least $317,683.00. See Exhibit "A" at ¶¶ 8, 10.

## II.

## The Requirements for Removal Are Satisfied

**A.   Diversity of Citizenship**

8.  At the time Plaintiff filed this lawsuit and as of the date of this Notice, Plaintiff was and is a citizen of the State of New York, as she resides in Brooklyn, New York. See Exhibit "A"

at ¶ 1.  Upon information and belief, Plaintiff is not a citizen of any other state or jurisdiction for purposes of 28 U.S.C. § 1332.

9. At the time Plaintiff filed this lawsuit and as of the date of this Notice, State Farm was and is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Illinois.  See Exhibit "A" at ¶ 3; 28 U.S.C. § 1332(c)(1).  State Farm is not a citizen of any other state or jurisdiction for purposes of 28 U.S.C. § 1332.

10. Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**B.** **Amount in Controversy**

11. As noted above, Plaintiff alleges damages in the sum of at least $317,683.00.  Thus, the amount claimed is in excess of the $75,000.00 jurisdictional limit.

12. State Farm has therefore established that the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) has been satisfied, and removal of this Action is proper.

**III.**

**The Other Procedural Requisites for Removal are Satisfied**

13. Removal is timely under 28 U.S.C. § 1446(b) because the Summons and Complaint is the first pleading, motion, order, or other paper from which it could be ascertained that this Action is one which is or has become removable.

14. Plaintiff served State Farm with the Summons and Complaint on August 4, 2023.  See Exhibit "A".  This Notice of Removal is being filed on August 31, 2023 and, thus, is timely.  See 28 U.S.C. § 1446(b)(1).

15. State Farm will give written notice to Plaintiff (through her counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

16. State Farm will file a copy of this Notice of Removal and a Notice of Filing the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Kings, as required by 28 U.S.C. § 1446(d).

17. Thus, State Farm has satisfied the requirements for removal under 28 U.S.C. § 1446, and all applicable rules.

## IV.

## Conclusion

18. For the foregoing reasons, State Farm respectfully requests this Court assume full jurisdiction over the Action herein as provided by law. State Farm intends no admission of liability by this Notice, and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings.

Dated: Uniondale, New York
August 31, 2023

> Respectfully submitted,
> RIVKIN RADLER LLP
>
> By: /s/ _____
> Michael P. Welch (MW 7559)
> 926 RXR Plaza
> Uniondale, New York 11556
> Telephone: (516) 357-3000
> Facsimile: (516) 357-3333
>
> *Attorneys for Defendant State Farm Fire and Casualty Company*

7696365.v1